# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | | |
|---|---|---|
| **HELEN SMITH,** | : | |
| **Plaintiff,** | : | |
| v. | : | 5:07-CV-46 (CAR) |
| **WAL-MART STORES EAST, L.P.,** | : | |
| **Defendant.** | : | |

## *ORDER ON PLAINTIFF'S MOTION FOR RECONSIDERATION*

Currently before the Court in this trip and fall diversity case is Plaintiff Helen Smith's Motion for Reconsideration [Doc. 22]. In her Motion, Smith requests that the Court reconsider its Order dated August 7, 2007, [Doc. 18] ("Order") awarding summary judgment for Defendant Wal-Mart Stores East, L.P. ("Wal-Mart") based on its finding that Smith had actual, equal knowledge of the hazard that caused her fall. Smith argues that there is a factual dispute that precludes summary judgment. After careful consideration of the arguments and the relevant law, the Court finds Smith's arguments unavailing. Thus, Plaintiff's Motion for Reconsideration is **DENIED**.

## BACKGROUND[1]

On June 4, 2004, while shopping at Wal-Mart's Zebulon Road store in Macon, Georgia, Mrs. Smith tripped and fell over the bottom shelf of an "L-cart," or stock cart, that

---

[1] For a complete factual background of this case, refer to this Court's Order on Defendant's Motion for Summary Judgment dated August 7, 2007 [Doc. 18].

extended out beyond several boxes that were stacked on the cart. Based on the facts that (1) Smith noticed and observed the cart loaded with boxes both the first and second time she passed the cart; (2) the cart remained in the same position next to the shelves both times she passed the cart; and (3) there were no obstructions to her view, no one called out or distracted her, and the area where the incident occurred was well lit, the Court found as a matter of law that Smith had actual, equal knowledge of the hazard and granted summary judgment for Wal-Mart.

Smith now requests that the Court reconsider its Order, arguing that two facts should prevent this Court from concluding that Smith had equal knowledge of the hazard: (1) Smith did not have actual knowledge of the specific tripping hazard – the bottom part of the cart – prior to her fall; and (2) Wal-Mart's own employee admits that the bottom shelf, located just above the height of the floor, extended beyond the stacked boxes, and was difficult for Smith to see. Based on these facts, Smith argues that whether she had actual knowledge of the specific hazard is a factual dispute that should be determined by a jury.

## DISCUSSION

### I. Standard for Reconsideration

A motion for reconsideration seeks to invoke a district court's authority to modify or vacate its prior orders. Brogdon v. Nat'l Healthcare Corp., 103 F. Supp. 1322, 1338 (N.D. Ga. 2000). Such a motion, however, "shall not be filed as a matter of routine practice." M.D. Ga. L.R. 7.6. "Parties . . . may not employ a motion for reconsideration

as a vehicle to present new arguments or evidence that should have been raised earlier, introduce novel legal theories, or repackage familiar arguments to test whether the Court will change its mind." Brogdon, 103 F. Supp. at 1338 (citing McCoy v. Macon Water Auth., 966 F. Supp. 1209, 1222 (M.D. Ga. 1997); Paper Recycling v. Amoco Oil Co., 856 F. Supp. 671, 678 (N.D. Ga. 1993)). Rather, appropriate grounds for reconsideration include: (1) intervening change in controlling law, (2) availability of new evidence, and (3) a need to correct clear error or prevent manifest injustice. See Estate of Pidcock v. Sunnyland Am., Inc., 726 F. Supp. 1322, 1333 (S.D. Ga. 1989).

Reconsideration of a previous order is "an extraordinary measure and should be applied sparingly in the interests of finality and conservation of scarce judicial resources." Scelta v. Delicatessen Support Services, Inc., 89 F. Supp. 1311, 1320 (M.D. Fla. 2000) (citation omitted). Nevertheless, a district court, in the exercise of its own discretion, may reconsider or readdress any order prior to the entry of final judgment. See Hardin v. Hayes, 52 F.3d 934, 938 (11th Cir. 1995).

## II.     **Failure to Meet Standard**

The Court first notes that it can find no appropriate ground on which to reconsider its earlier decision. Smith identifies no intervening change in law, no new evidence, and no need to correct clear error or prevent manifest injustice. She simply recasts the same argument she made in her original response to Wal-Mart's Motion for Summary Judgment,

which the Court rejected.[2] Although Smith cites <u>Orff v. Stonewood Restaurant Group, L.L.C.</u>, 285 Ga. App. 488 (Ga. Ct. App. 2007), and <u>Ward v. Autry Petroleum Co.</u>, 281 Ga. App. 877 (Ga. Ct. App. 2006), as new authority supporting her position that this case presents material issues of fact that a jury must consider, these cases present no intervening change in Georgia's trip and fall law. Smith cites the <u>Orff</u> decision only for the well-established premise that "[i]t is the plaintiff's knowledge of the *specific* hazard which caused the fall that determines whether the plaintiff can prevail on a premises liability claim," a premise that is certainly not new to Georgia slip and fall law and one this Court was well aware of at the time it issued its prior decision. <u>Id.</u> at 489 (citing <u>Ward</u>, 281 Ga. App at 879) . Smith cites <u>Ward</u> only to draw a connection between the fact patterns of the two cases. <u>Ward</u> , like <u>Orff</u>, does not present any intervening change in Georgia law.

Smith also does not present any newly discovered evidence. While Smith does attach a new affidavit to her Motion, the affidavit presents no evidence that the Court has not already considered in its previous ruling. In her new affidavit, Smith specifically states that she did not see the bottom shelf of the cart that extended beyond the boxes prior to her fall. This, however, is not newly discovered evidence. Finally, as explained in more detail below, the Court need not reconsider its previous decision to correct clear error or present manifest injustice.

### III. **Merits of Plaintiff's Argument**

---

[2] The Court stated in its prior Order, "Mrs. Smith argues that she did not have equal, actual knowledge of the hazard because she had no knowledge of the protruding end of the L-cart's flat bed which caused her fall. Her argument, however, is unavailing." (Order p. 7, Doc. 18).

4

Even assuming, arguendo, that Smith's Motion does properly meet the standard for reconsideration, the Court remains convinced that WalMart is entitled to summary judgment based on Smith's actual, equal knowledge of the hazard. Smith argues that the specific tripping hazard was the *bottom shelf* of the stock cart that extended out beyond the several large boxes that were stacked on the stock cart–not the stock cart itself–, and because she never saw the specific hazard prior to her fall, she did not have actual knowledge of the hazard. The Court, however, as stated in its earlier decision, remains convinced that the hazard is the stock cart itself, not simply the bottom portion of the stock cart. See Pirkle v. Robson Crossing, LLC, 272 Ga. App. 259 (Ga. Ct. App. 2005); and Gresham v. Bell's Food Mkt., Inc., 244 Ga. App. 240 (Ga. Ct. App. 2000). Thus, because (1) Plaintiff passed by the stock cart twice, and the cart remained in the same position in the aisle both times she passed it; (2) she saw the stock cart both the first time she passed it in the aisle and the second time she passed it just prior to her fall; (3) she saw the boxes stacked on the cart; and (4) she admitted that the area was well lit, that she was not distracted, and that there were no obstructions to her view when she walked around the cart, Plaintiff had actual, equal knowledge of the hazard. Therefore, summary judgment is appropriate for Wal-Mart.

Plaintiff argues that this case presents a factual dispute between Smith's claim that she did not see the bottom portion of the cart over which she tripped and Wal-Mart's claim that she knew or should have known of the tripping hazard. This however, does not present a jury question. The Court, having to take the facts in the light most

5

favorable to Smith, assumes that she did not see the bottom shelf of the cart and was unfamiliar with the type of cart over which she tripped–an "L-cart" rather than an ordinary shopping cart. However, because the cart itself is the hazard, and she admittedly saw the cart, Plaintiff had actual knowledge of the hazard, and there is no factual dispute for a jury to consider.

In her Motion for Reconsideration, Smith primarily relies on the Ward case to support the premise that a jury question exists as to whether she had actual knowledge of the hazard. 218 Ga. App. 877 (Ga. Ct. App. 2006). Ward, however, is distinguishable because the plaintiff in that case did not have actual knowledge of the hazard which caused his fall prior to encountering it. In Ward, the plaintiff arrived at defendant's service station between 8:00 and 9:00 p.m. Prior to the plaintiff's arrival, an employee left an uncoiled water hose running along the curb and across two parking spaces to the left side of where she parked her van. The employee knew that customers would be parking in the spaces near the hose, and the defendant admitted that an uncoiled water hose was a hazard which employees were supposed to make sure was coiled up on the sidewalk for safety reasons. When plaintiff arrived at the store, he parked in the parking space to the left of the van. It was dark outside, and the area was dimly lit. After parking, the plaintiff exited his car from the driver's side and went into the store. The plaintiff was unsure whether he saw the hose, but he admitted that he must have stepped over it on his way into the store. When he came out of the store, he took a different path to his vehicle, walking toward the passenger's side of his car. The plaintiff admitted

that he saw the hose on the ground near the driver's side, but he did not realize that the hose ran underneath his car to the passenger's side. As he stepped off the curb between the employee's van and his car, he stepped onto a portion of the hose that was hidden from view, fell, and was severely injured. The Georgia Court of Appeals reversed the trial court's grant of summary judgment for the defendant, finding a jury question as to whether the plaintiff had actual knowledge of the hazard. The specific hazard in Ward was the water hose on the passenger's side of the vehicle, of which the plaintiff had no knowledge.

Here, however, Plaintiff had actual, equal knowledge of the specific hazard – the stock cart in the aisle – prior to encountering it. Unlike the plaintiff in Ward, when Smith first entered the aisle, she saw the exact cart that she later tripped over. Furthermore, unlike in Ward, the area was well lit, and no obstructions blocked her view. Thus, this case is not controlled by Ward.

## CONCLUSION

In accordance with the foregoing, Plaintiff's Motion for Reconsideration [Doc. 31] is **DENIED**.

**SO ORDERED** this 10th day of September, 2007.

S/ C. Ashley Royal  
C. ASHLEY ROYAL  
United States District Judge

SSH